**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00208 |
| | ) | |
| SAPNA VUSIRIKALA, | ) | |
| Defendant. | ) | |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Defendant Sapna Vusirikala ("Vusirikala") to reduce to judgment and collect outstanding civil penalties assessed against her for her non-willful failure to timely report her financial interest in foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq*.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff.

2.      Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Vusirikala is a

United States resident living in Frisco, Texas. Alternatively, venue may be proper under 28

U.S.C. § 1395.

### VUSIRIKALA'S FAILURE TO TIMELY REPORT HER FINANCIAL INTEREST IN HER FOREIGN BANK ACCOUNTS

3.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States

citizens to report certain transactions with foreign financial agencies.  Under the statute's

implementing regulations, "[e]ach United States person having a financial interest in, or

signature authority over, a bank, securities, or other financial account in a foreign country shall

report such relationship" to the IRS for each year in which such relationship exists.  31 C.F.R. §

1010.350(a).

4.      To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign

Bank and Financial Accounts," commonly known as an "FBAR."  *See id.*  For the 2006 - 2009

years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign

financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. §

1010.306(c).[1]

**Vusirikala's financial interest, beneficial interest and control over foreign accounts**

5.      During 2006 through 2009, Vusirikala, a United States citizen, had a financial interest in,

beneficial interest, control and signatory authority over numerous foreign bank accounts at (1)

Citi Bank in India accounts ending 8805, 0100, 0200, 0201 and 0202; (2) Oriental Bank in India

accounts ending 0083, 9017, 7396, 7389, 1529 and 6746; and (3) HSBC Bank in India accounts

ending 8006 and 8007.

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form will be April 15. Pub. L. No. 114-41, § 2006(b)(11).

**Vusirikala's foreign accounts balances exceeded $10,000 from
2006 through 2009 and her failure to disclose these accounts was non-willful**

6.      For tax year 2006, Vusirikala and her husband, Muralidhar, used a paid preparer to prepare their income tax return.  They failed to disclose their interests in foreign bank accounts on their 2006 return.  They also failed to list the income the Indian accounts generated in 2006 on their income tax return.

7.      For tax years 2007 – 2009, Vusirikala and her husband, Muralidhar, self-prepared their income tax returns.  They failed to disclose their interests in foreign bank accounts on their 2007 - 2009 returns.  They also failed to list the income the Indian accounts generated in 2007 - 2009 on their income tax returns.

8.      For tax years 2006 – 2009 Vusirikala owned rental properties in India.

9.      Vusirikala failed to disclose the rental income she received from her rental properties in India for the tax years 2006 – 2009.

10.     In 2006, Vusirikala had a financial interest in, and control over, the Citi Bank, Oriental Bank and HSBC accounts which, alone or in the aggregate, had account balances exceeding $10,000.  Thus, on or before June 30 of 2007, Vusirikala was required to file an FBAR reporting her interest in the Citi Bank, Oriental Bank and HSBC accounts.

11.     Vusirikala's Indian bank accounts for the 2006 year had maximum account balances during the year as follows:

| Bank Name | Bank location | Acct. No. Ending | Maximum Balance |
|---|---|---|---|
| HSBC | India | 8006 | $52,557 |
| HSBC | India | 8007 | $46 |
| Citi Bank | India | 8805 | $4,536 |
| Oriental Bank | India | 0083 | $6,665 |

12.     Vusirikala failed to timely file an FBAR for 2006 regarding any of her foreign bank accounts even though the balances in Vusirikala's Indian bank accounts exceeded $10,000.

13.     On Schedule B, Part III Line 7a of Vusirikala's 2006 federal income tax return, Vusirikala denied having any foreign bank accounts.

14.     Vusirikala's failure to timely report her financial interest in her foreign bank accounts for 2006 was non-willful.

15.     In 2007, Vusirikala had a financial interest in, and control over, the Citi Bank, Oriental Bank and HSBC accounts which, alone or in the aggregate, had account balances exceeding $10,000.  Thus, on or before June 30 of 2008, Vusirikala was required to file an FBAR reporting her interest in the Citi Bank, Oriental Bank and HSBC accounts.

16.     Vusirikala's Indian bank accounts for the 2007 year had maximum account balances during the year as follows:

| Bank Name | Bank location | Acct. No. Ending | Maximum Balance |
|---|---|---|---|
| HSBC | India | 8006 | $885 |
| HSBC | India | 8007 | $48 |
| Citi Bank | India | 8805 | $5,106 |
| Oriental Bank | India | 0083 | $5,226 |

17.     Vusirikala failed to timely file an FBAR for 2007 regarding any of her foreign bank accounts even though the balances in Vusirikala's Indian bank accounts exceeded $10,000.

18.     On Schedule B, Part III Line 7a of Vusirikala's 2007 federal income tax return, Vusirikala denied having any foreign bank accounts.

19.      Vusirikala's failure to timely report her financial interest in her foreign bank accounts for 2007 was non-willful.

20.     In 2008, Vusirikala had a financial interest in, and control over, the Citi Bank and Oriental Bank accounts which, alone or in the aggregate, had account balances exceeding

$10,000.  Thus, on or before June 30 of 2009, Vusirikala was required to file an FBAR reporting her interest in the Citi Bank and Oriental Bank accounts.

21.     Vusirikala's Indian bank accounts for the 2008 year had maximum account balances during the year as follows:

| Bank Name | Bank location | Acct. No. Ending | Maximum Balance |
|-----------|---------------|------------------|-----------------|
| Citi Bank | India | 8805 | $4,118 |
| Oriental Bank | India | 0083 | $8,790 |

22.     On Schedule B, Part III Line 7a of Vusirikala's 2008 federal income tax return, Vusirikala denied having any foreign bank accounts.

23.     Vusirikala failed to timely file an FBAR for 2008 regarding any of her foreign bank accounts even though the balances in Vusirikala's Indian bank accounts exceeded $10,000.

24.     Vusirikala's failure to timely report her financial interest in her foreign bank accounts for 2008 was non-willful.

25.     In 2009, Vusirikala had a had a financial interest in, and control over, the Citi Bank and Oriental Bank accounts which, alone or in the aggregate, had account balances exceeding $10,000.  Thus, on or before June 30 of 2010, Vusirikala was required to file an FBAR reporting her interest in the Citi Bank and Oriental Bank accounts.

26.     Vusirikala's Indian bank accounts for the 2009 year had maximum account balances during the year as follows:

| Bank Name | Bank location | Acct. No. Ending | Maximum Balance |
|-----------|---------------|------------------|-----------------|
| Citi Bank | India | 8805 | $2,328 |
| Oriental Bank | India | 0083 | $21,993 |

27.     On Schedule B, Part III Line 7a of Vusirikala's 2009 federal income tax return, Vusirikala denied having any foreign bank accounts.

28.     Vusirikala failed to timely file an FBAR for 2009 regarding any of her foreign bank accounts even though the balances in Vusirikala's Indian bank accounts exceeded $10,000.

29.     Vusirikala's failure to timely report her financial interest in her foreign bank accounts for 2009 was non-willful.

**Vusirikala's 2006 - 2009 FBAR Penalty assessments**

30.     31 U.S.C. § 5321(a)(5)(B)(i) provides for the imposition of civil penalties for a non-willful failure to comply with the reporting requirements of Section 5314 – *i.e,* when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so.  For violations involving the non-willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is $10,000 per year.

31.     Due to Vusirikala's non-willful failure to timely file FBARs reporting her financial interest in her foreign bank accounts for 2006 - 2009, a delegate of the Treasury Secretary assessed penalties against her pursuant to 31 U.S.C. § 5321(a)(5) on March 29, 2016, as follows:

| Tax Year | Amount of Assessment |
|----------|----------------------|
| 2006     | $  10,000            |
| 2007     | $  10,000            |
| 2008     | $  10,000            |
| 2009     | $  10,000            |
| Total    | $  40,000            |

32.     The IRS assessments of the FBAR penalties were timely.  Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for the assessment of an FBAR penalty is six years from the date of the violation.  The Form TD F 90-22.1, or FBAR, for the 2006 year was due on June 30, 2007.  Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2006 would have been June 30, 2013.  However, on October 3, 2012, Vusirikala signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2006 year until June 30, 2014.

33.     The Form TD F 90-22.1, or FBAR, for the 2007 year was due on June 30, 2008.  Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2007 would have been June 30, 2014.  However, on January 10, 2014, Vusirikala signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2007 year until December 31, 2015.  This second consent also further extended the date for making an assessment for 2006 to December 31, 2015.

34.     The Form TD F 90-22.1, or FBAR, for the 2008 year was due on June 30, 2009.  Thus, without any extensions, the last day for the assessment of the FBAR penalty for 2008 would have been June 30, 2015.  However, on January 10, 2014, Vusirikala signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 year until December 31, 2015.

35.     The Form TD F 90-22.1, or FBAR, for the 2009 year was due on June 30, 2010.  Thus, the last day for the assessment of the FBAR penalty for 2010 was June 30, 2016.

36.     On August 24, 2015, Vusirikala signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2006, 2007, 2008 and 2009 tax years until December 31, 2016.

37.     Therefore, the assessments made on March 29, 2016, were timely for each year at issue, 2006 – 2009.

38.     On March 31, 2016, a delegate of the Treasury Secretary also gave Vusirikala notice and demand of the penalty assessments for 2006 - 2009.

39.     Despite the notice and demand for payment, Vusirikala has failed to pay the 2006 - 2009 FBAR penalties assessed against her.  Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

40.    As of March 23, 2017, Vusirikala owes the United States $38,478.65 in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

41.    Likewise, this suit is timely because it was commenced within two years of the assessment date.  Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment.  Thus, the United States has until March 29, 2018, to timely file this suit.

WHEREFORE, the United States of America requests as follows:

1.    That the Court enter judgment in favor of the United States against Sapna Vusirikala for her 2006 - 2009 penalty assessments in the aggregate amount of  $38,478.65 as of March 23, 2017, plus accruals and such other and further relief as the Court deems just and proper; and

2.    That the United States shall recover a surcharge of 10% of the amount of the debt as

authorized under 28 U.S.C. § 3011 for using pre-judgment and/or post judgment debt collection

remedies under 28 U.S.C. § 3101 *et seq.*, and 28 U.S.C. § 3201 *et seq.*, respectively.

JOSEPH D. BROWN
United States Attorney

/s/ Jon E. Fisher
JON E. FISHER
State Bar No. 550177-MA
HERBERT W. LINDER
Ohio Bar No. 0065446
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9730
(214) 880-9742 (facsimile)
Jon.Fisher@usdoj.gov
Herbert.W.Linder@usdoj.gov

ATTORNEYS FOR UNITED STATES

9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
Sapna Vusirikala

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Collin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jon E. Fisher, U.S. Department of Justice, Tax Division
717 N. Harwood Street, Suite 400, Dallas, TX 75201
(214) 880-9730

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. Section 5314

Brief description of cause:
Seek judgment regarding outstanding federal penalty assessments for failure to report foreign bank accounts.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**
38,478.65

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
03/27/0218

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jon E. Fisher

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.      Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                Example:          U.S. Civil Statute: 47 USC 553
                                                                    Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases**.  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.